UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENDOBOTICS, LLC,

                          Plaintiff,

      -against-

FUJIFILM HEALTHCARE AMERICAS CORPORATION,

                          Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/2025

24-cv-2266 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Endobotics, LLC ("Endobotics" or "Plaintiff"), initiated this action on March 26, 2024, alleging that Fujifilm Healthcare Americas Corporation ("Fujifilm" or "Defendant") infringed upon two of Plaintiff's patents in violation of the Patent Act of 1962 35 U.S.C. § 271.

Presently before the Court is the Defendant's Motion to Dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendant's Motion to Dismiss is GRANTED.

**BACKGROUND**

The following facts are derived from the First Amended Complaint ("Compl.") and are taken as true and construed in the light most favorable to the Plaintiff at this stage.

Endobotics, LLC is a Delaware limited liability company having a principal place of business in Southampton, New York. (Compl. ¶ 3.) Fujifilm Healthcare Americas Corporation is a New York corporation having a place of business in Valhalla, New York. (*Id*. ¶ 4.) Endobotics brings the instant action over purported infringements of two patents Endobotics owns: U.S. Patent No. 7,147,650 (the "650 Patent") and U.S. Patent No. 7,364,582 (the "582 Patent") (together, the "Endobotics Patents"). (*Id*. ¶¶ 8-9.) Endobotics is the sole owner by assignment of all rights, title,

and interest in and to the 650 Patent and 582 Patent, including all rights to recover for any and all infringement of the Endobotics Patents. (*Id*. ¶ 10.)

Fujifilm sells products in its "Tracmotion" product line (the "Accused Products"). (*Id*. ¶¶ 11-12.) Endobotics asserts that Fujifilm infringes on the 650 Patent by embodying each element of at least one of the claims of the 650 Patent. (*Id*. ¶ 15.) Endobotics avers that "[u]pon information and belief," the Accused Products infringe on the 650 Patent by containing a proximal bendable member. (*Id*. ¶ 22.) Additionally, Endobotics asserts that Fujifilm infringes on the 582 Patent by way of the Accused Products, "upon information and belief," containing a proximal bendable member. (*Id*. ¶ 43.) Endobotics avers that as a result of such infringement, Endobotics has suffered damages in the form of lost profit and lost opportunities. (*Id*. ¶¶ 30-33, 50-53.)

Based on the foregoing, Plaintiff brings claims alleging direct, indirect, induced and willful infringement of the Endobotics Patents in violation of 35 U.S.C. § 271 and seeks damages purportedly stemming from such infringement.

## PROCEDURAL HISTORY

On March 26, 2024, Plaintiff commenced this action against Defendant in its complaint. (ECF No. 1.) Plaintiff filed its First Amended Complaint, the operative complaint, on August 2, 2024. (ECF No. 22.) On November 19, Defendant filed its motion to dismiss and its memorandum of law in support (the "Motion" or "Mot.", ECF Nos. 27 and 28.) Plaintiff filed an opposition to the Motion (the "Opposition" or "Opp.", ECF No. 30.) The Defendant also filed a reply in further support of the Motion (the "Reply", ECF No. 31.)

## LEGAL STANDARD

A. Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

2

its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Additionally, Courts may take judicial notice of certain publicly available documents. *Blue Tree Hotels Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004) (noting that courts may "look to public records, including complaints filed in state court, in deciding a motion to dismiss"). The Court may take judicial notice of official records from the United States Patent and Trademark Office and the United States Copyright Office. *See Island Software and Comput. Serve., Inc. v. Microsoft Corp.*, 413 F.3d 257, 261 (2d Cir. 2005) (copy right registration); *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 n.2 (8th Cir. 1996 (trademark registration).

**DISCUSSION**

Plaintiff brings violations of 35 U.S.C. § 271 alleging direct infringement, indirect infringement, induced infringement and willful infringement. The Court addresses them in turn.

**A. Direct Infringement**

A plaintiff seeking to bring a claim under 35 U.S.C. § 271 for direct infringement of a patent "cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely conclud[e] that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Rather, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id*.

Here, Plaintiff only offers its belief that Defendant contains the Endobotics Patents' claim elements; specifically, Plaintiff states that "[u]pon information and belief" the Accused Products contain a "proximal bendable member." (Compl. ¶¶ 22, 43.) Because of such a component, Plaintiff asserts that Defendant infringes upon the Endobotics Patents. (*Id*.) Such averments are not enough to sustain a claim for patent infringement under 35 U.S.C. § 271; stating that "upon information and belief" the Accused Products contains the Endobotics Patents material claims is insufficient to satisfy the *Iqbal/Twombly* pleading standard. *Bot M8 LLC*, 4 F.4th 1342 at 1353. This is a legal conclusion couched as a factual allegation which the Court is not required to credit. *Iqbal*, 556 U.S. 662 at 678 (quoting *Twombly*, 550 U.S. at 555). And, a plaintiff "cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it nonconclusory." *Citizens United v. Schneiderman*, 882 F.3d 374, 385 (2d Cir. 2018). Rather than only offer conclusions and Plaintiff's sincere beliefs, Plaintiff must actually plead how the Accused Products infringes upon the Endobotics Patents' claims. Without more, the Court cannot discern a

4

plausible cause of action against Fujifilm predicated on patent infringement. Accordingly, because the proffered factual allegations are only conclusory assertions and declarations of belief that the Accused Product infringes upon the Endobotics Patents, the Court must find that, as currently written, the First Amended Complaint fails to plausibly allege a claim for direct infringement in violation of 35 U.S.C. § 271. Therefore, the Court must dismiss Plaintiff's direct infringement claim without prejudice.

### B. Indirect, Induced and Willful Infringement

In order to state a claim for indirect, induced, and willful infringement pursuant to 35 U.S.C. § 271, a plaintiff must first allege that the defendant directly infringed the pertinent patent(s). *Pecorino v. Vutec Corp.*, 934 F. Supp. 2d 422 (E.D.N.Y. 2012); *see also In re Bill of Lading Transmission and Processing Sys. Patent Litig.,* 681 F.3d 1323, 1333 (Fed. Cir. 2012); *Dynacore Holdings Corp. v. U.S. Philips Corp.,* 363 F.3d 1263, 1273 (Fed. Cir. 2004*); Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1371 (Fed. Cir. 2013). Because the Court has found that Plaintiff has not successfully stated a claim for direct infringement with respect to the Endobotics Patents, the Court must necessarily find that Plaintiff's claims for indirect, induced and willful infringement of the Endobotics Patents fail. Therefore, the Court dismisses without prejudice Plaintiff's claims for indirect, induced, and willful infringement under 35 U.S.C. § 271.

### C. Damages

Because the Court has found that, as currently written, the Complaint has not plausibly alleged that the Accused Product infringes upon the Endobotics Patents, the Court must dismiss Plaintiff's claim for damages. It may be that Plaintiff can amend its Complaint so as to demonstrate infringement and, correspondingly, demonstrate that Plaintiff suffered damages due to the alleged

5

infringement, but as currently written, because Plaintiff has not sufficiently alleged that Defendant infringed upon the Endobotics Patents, Plaintiff has not plausibly alleged it is entitled to damages. *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F. 3d 1437, 1446 (Fed. Cir. 1998). Thus, the Court dismisses without prejudice Plaintiff's claim for damages.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Defendant's motion to dismiss Plaintiff's First Amended Complaint in its entirety without prejudice Plaintiff is granted leave to file a Second Amended Complaint by June 30, 2025. Plaintiff is advised that the Second Amended Complaint will replace, not supplement, the First Amended Complaint, and so any claims that it wishes to pursue must be included in, or attached to, the Second Amended Complaint. Should Plaintiff file a Second Amended Complaint, the Defendant is directed to answer or otherwise respond by July 29, 2025. If Plaintiff fails to file a Second Amended Complaint within the time allowed, those claims that were dismissed without prejudice shall be deemed dismissed with prejudice.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 18.

Dated:   May 29, 2025                                   SO ORDERED:
            White Plains, New York

                                                    NELSON S. ROMÁN
                                                  United States District Judge